People of State of Illinois ex rel. Henry J. Sandusky,
Appellee, v. Joseph S. Kral, Appellant.

Gen. No. 43,212.

Opinion filed January 8, 1945.  Released for publication January 29, 1945.

MARKMAN, DONOVAN & SULLIVAN and NICHOLAS BER-KOS, all of Chicago, for appellant; THOMAS C. DONOVAN and NICHOLAS BERKOS, both of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney and FRANCIS S. CLAMITZ, Assistant State's Attorney, for appellee; FRANCIS S. CLAMITZ, ARTHUR A. SULLIVAN, JACOB SHAMBERG and JOSEPH LUSTFIELD, all of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

In April, 1944, the Board of Trustees of the town of Cicero passed a resolution over the veto of the president of the town, appointing defendant, Joseph S. Kral, superintendent of police. Quo warranto proceedings were brought against him resulting in a judgment of ouster from which he appeals.

May 4, 1944, a complaint in quo warranto was filed by Thomas J. Courtney, State's Attorney of Cook County, on behalf of the people on the relation of Henry J. Sandusky, against Joseph S. Kral who, it was alleged, was acting as chief of police of the town of Cicero without lawful authority. The prayer was in the usual form. Defendant filed an amended answer in which he set up that the town of Cicero was organized under a special charter granted by the state pursuant to the act of the General Assembly, approved March 25, 1869. That by § 3 of the charter the corporate powers of the town were vested in a board of seven trustees which had the power to appoint and remove any officer or employee of the town. That pursuant to an ordinance passed December 5, 1927, a police department of the town was created and established which included a superintendent of police and other police officers; and that the ordinance was still in full force and effect. That on April 18, 1944, a vacancy

existed in the office of superintendent of police and on that day the Board of Trustees passed a resolution appointing Joseph S. Kral superintendent of police. That he accepted and qualified.

Plaintiff filed a motion to strike certain parts of the amended answer and replied to others. Defendant moved to strike the reply, plaintiff's motion to strike the amended answer was sustained and defendant's motion to strike plaintiff's reply overruled. Defendant elected to abide by its amended answer and the court entered judgment of ouster.

Defendant's position as stated by its counsel is that the power to appoint a superintendent of police is vested in the Board of Trustees and that defendant, Kral, was appointed by resolution passed by the Board of Trustees in April, 1944. To sustain this position counsel say that "the Town of Cicero is incorporated under a special charter granted by the Legislature and has superseded a civil township; that under the provisions of the Revised Cities and Villages Act of 1941 the Legislature has specifically excepted municipalities such as the town of Cicero from the provisions of this act." That the Fire and Police Commissioners Act of 1903 as amended did not repeal the power of appointment by the Board of Trustees but merely afforded an optional method of appointing members of the fire and police department if the electors chose to bring the town within the provisions of the act; that the Fire and Police Commissioners Act of 1903 as amended was repealed by the Cities and Villages Act of 1941, whereupon the provisions of the charter again became operative, which authorized the appointment of the superintendent of police by the Board of Trustees. The further position of counsel is that the ordinance of December 5, 1927, by virtue of which a police department was established for the town and which provided that the superintendent of police should be appointed by the president of the town, by

and with the consent of the trustees, was repealed by an ordinance adopted November 9, 1934, (although as above stated defendant's answer averred the 1927 ordinance was still in force) and the power now to appoint the superintendent of police is vested by the charter of 1869 in the Board of Trustees.

The question for decision is—Does the president of the board of trustees of the town of Cicero by and with the advice and consent of the board of trustees have the power to appoint the superintendent of police or is that power vested in the board of trustees?

In support of defendant's position counsel say that "An Act concerning cities, villages, and incorporated towns, and to repeal certain Acts herein named," effective January 1, 1942 (Ill. Rev. Stat. 1943, ch. 24 [Jones Ill. Stats. Ann. 21.1111 *et seq.*]) has no application to the town of Cicero, except as provided in § 87–1.1. And they point to Par. 1, § 1–2. That paragraph *defines* "municipal" or "municipality" as used in the act as follows: " 'Municipal' or 'municipality' means a city, village, or incorporated town in the State of Illinois. 'Municipal' or 'municipality' does not include a township, town when used as the equivalent of a township, incorporated town which has superseded a civil township." And they say that the Supreme Court of this State, as well as this court, holds that the town of Cicero is an incorporated town which has superseded a civil township, citing *People ex rel. Toman v. Edward Hines Lumber Co.*, 385 Ill. 365, and *People ex rel. Jaros v. Jarecki*, 299 Ill. App. 384. We are unable to agree with the contention that the paragraph excludes the Town of Cicero from the Act but are of opinion that the power to appoint the superintendent of police is vested in the president of the town by and with the advice and consent of the board of trustees. Sec. 1–5 of the act, after providing that the act shall apply generally to all municipalities which are incorporated under the act continues:

"This Act shall also apply generally to all municipalities which are treated as properly incorporated under this Act as provided in the first paragraph of section 1–3 and to all municipalities which are incorporated under this Act.

"This Act shall also apply generally to all municipalities incorporated and now existing under a special charter except to the extent that this Act is in conflict with any provision in a special charter, and except as otherwise provided in sub-section (1) of Section 1–2. In this latter event, the special charter shall govern except where a provision in this Act is stated to apply to municipalities incorporated under a special charter, or to municipalities whether incorporated under a general or special act, or words to that effect, or where it is otherwise made manifest that this Act or any other Illinois statute is intended to govern despite the inconsistent provisions in the special charter.

"However, if a particular section of this Act is limited to cities or villages or incorporated towns or any combination thereof, or to cities, villages, or incorporated towns of a specified type or any combination thereof, that intention shall prevail."

Sec. 9–75 provides: "In every village and every incorporated town, whether incorporated under a general or special law, a president shall be elected by the electors of that village or town. . . .

"The president of any village or incorporated town shall be president of the board of trustees thereof and shall preside at all meetings of the Board, and, except as otherwise provided in this Act, shall have the same powers and perform the same duties as the mayor of a city." And by § 9–16 it is provided that "Except as otherwise provided in the Illinois Statutes all officers of any city shall be appointed by the Mayor by and with the advice and consent of the city council."

Sec. 9–75 gives the same powers to the president of a village or incorporated town as a mayor of a city

"except as otherwise provided in this Act." Such powers are not limited by the definition of "municipal" or "municipality" in Par. 1, § 1–2, nor have we been able to find any provision that would take the power of appointing a superintendent of police from the president of the town.

Another point made is that the power of appointment of a superintendent of police was, by an ordinance of the town of Cicero (approved December 5, 1927) vested in the president of the town by and with the advice and consent of the board of trustees. By that ordinance the department of police was established for the town of Cicero. The offices of superintendent of police and other police officers were created and section 4 of that ordinance ordains: *"Section 4.* SUPERINTENDENT—APPOINTMENT. The Superintendent of Police shall be appointed annually for a period of one year, by the President of the Town of Cicero, by and with the advice and consent of the Board of Trustees, as soon after the first meeting of the Board of Trustees in the month of April of each year practical." But counsel for defendant say that this ordinance was repealed by an ordinance passed by the president and board of trustees of the town of Cicero November 5, 1934. As stated by counsel: "Defendant further maintains that the provision contained in the ordinance creating the Department of Police, to the effect that the Superintendent should be appointed by the President by and with the consent of the Board of Trustees, was repealed by an ordinance adopted November 5, 1934." We are unable to agree with this contention. That ordinance specifically states that it amends chapter 8 of the revised ordinances of the town of Cicero, passed April 9, 1917, by adding a section to be known as 578a. That chapter has to do with meetings, etc., of the board of trustees and contains no provision in relation to the police department of the town. (Municipal Code of the Town of Cicero,

adopted April 9, 1917, pp. 178–179.)   The subject of the police department is found in chapter XLII of the same volume, pp. 524–529.

We hold that the act "concerning cities, villages and incorporated towns" effective January 1, 1942, authorized the president of the town by and with the advice and consent of the board of trustees to appoint the superintendent of police.   For this reason, the board of trustees of the town of Cicero did not have authority to appoint Mr. Kral superintendent of police and the judgment of the Superior court of Cook county is affirmed.

*Judgment affirmed.*

NIEMEYER, P. J., and MATCHETT, J., concur.