### The City of Litchfield, Appellee, v. Bert Hart, Appellant.

### Gen. No. 9,239.

Opinion filed October 15, 1940.

H. B. Tunnell, of Litchfield, for appellant.

D. R. Kinder, of Litchfield, for appellee.

Mr. Justice Hayes delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Montgomery county, in favor of the city of Litchfield, plaintiff appellee, and against Bert Hart, defendant appellant, where a fine of ten ($10.00) dollars was assessed for the violation of a city ordinance, which ordinance required a city license for using a vehicle within the city.

The suit was started before a police magistrate. A jury was waived and the facts were stipulated, which stipulation recited that: "The City of Litchfield was organized under the Act of 1872, that on December 4, 1919, Ordinance Number 1189 was passed by the City Council, which ordinance provided that, among other things, it shall be unlawful for any person residing in Litchfield to use, cause, or permit to be used, any vehicle hereinafter mentioned, upon the public highways for private use unless such person has procured the license provided for in said Ordinance."

Stipulation further provided that the appellant was a resident of Litchfield,—and had been a resident for more than one year prior thereto,—that he was the owner of a motor vehicle; that he failed to purchase a wheel-tax license from the city for the year beginning July 1, 1938, and ending June 30, 1939, and that he did operate his automobile during that time on and about the streets of Litchfield.

It is further stipulated that on the nineteenth day of November, 1932, in the regular city election, the following proposition was submitted to the voters: "Shall the City of Litchfield collect a vehicle tax on motor vehicles and wagons?" Four hundred and seventy-five (475) voters voted 'yes,' and one thousand six hundred and sixty-nine voters (1669) voted 'no.'

It is further stipulated that Ordinance No. 1189 has never been repealed or amended, except as amended by Ordinance No. 1410, and that each ordinance is still in full force and effect, unless abrogated or nullified by the election of aforesaid.

Appellant contends that judgment should be reversed on account of the question of public policy having been submitted to the voters in accordance with paragraphs 334 and 335 of chapter 46 of the statute [Jones Ill. Stats. Ann. 43.244, 43.245], and that a majortiy of the votes against the wheel tax resulted in nullifying and abrogating the ordinance.

The title to the act which said election was held under is as follows: "An act providing for an expression of opinion by electors on questions of public policy at any general or special election." From the language used in the title, it appears that the act provides for the expression of opinion thereon by electors, and allows them an opportunity to express their sentiment on certain questions. This is as far as the act goes. It does not state what the effect of the election shall be, nor is there any provision in this statute where an adverse vote against any question of public policy would nullify all statutes or ordinances in conflict with said vote. The legislature meant just what it stated in the title of the act, that is for the people of a political subdivision to express an opinion upon the question of public policy, the result of which is not binding upon the authorities, but merely advisory. The result of an election under a public policy act, is not mandatory upon the government officials of a political subdivision, but only directory.

The public policy act is not analagous to the initiative and referendum. Initiative means the power of the people to propose bills and laws, and to enact or reject them at the polls, independent of legislative assembly. Referendum is the right of the people to have submitted for their approval or rejection, an act passed by the legislature.

The legislature, having seen fit to give cities and villages the right to legislate and pass upon certain ordinances, have also impliedly given them the right to repeal and amend these ordinances. The only way an ordinance of a city can be repealed or amended is by an ordinance duly passed by the city council of said city. *Hibbard v. City of Chicago,* 173 Ill. 91.

The legislature of this State has seen fit to allow municipalities to levy and collect a wheel tax, without such proposition being submitted to the vote of

the people. Section 32A, ch. 95½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 85.032(1)].

Appellant contends that the ordinance in question was illegal and void, for the reason that it is in violation of section 32A of ch. 95½ of the Illinois Statute for 1939, in that the ordinance taxes nonresidents who conduct any business within the city.

The Supreme Court, in the *City of Chicago v. Adelman,* 326 Ill. 58, held that one cannot object to applicable valid provisions of an ordinance on account of other provisions which do not apply to him, and which might be invalid. Appellant, by his stipulation, admitted that he was a resident of the city of Litchfield. Although a separate and distinct section of the ordinance which applies only to nonresidents doing business within the city of Litchfield may be invalid, appellant is not affected thereby, and is in no position to raise this question.

The remaining question raised by appellant is that he was not charged with an offense in the complaint. The stipulation entered into clearly shows that appellant did not purchase the wheel tax for the year beginning March 1, 1938, and that he was a resident of the city of Litchfield, and operated his motor vehicle upon the streets of said city after July 1, 1938, all of which was clearly in violation of said ordinance. All the elements necessary to constitute the offense appear from the stipulation, and it is too late now, on appeal, to raise for the first time the question of sufficiency of the complaint and warrant.

The entering into the stipulation by appellant waived any defect there might be in the complaint. The rule is, while jurisdiction of the subject matter cannot be waived, the method of acquiring jurisdiction of a particular case, and irregularities thereto may be waived. The defendant, in a case where the court has jurisdiction, may dispense with process altogether, waiver irregular process and appear. In

such cases the defendant is not in a position to challenge the method of making up the issues, for the same is induced and acquiesced by him, and he is estopped from afterwards attempting to attack the same. *People v. United Medical Service, Inc.*, 362 Ill. 442.

For the reasons herein assigned, the judgment of the circuit court of Montgomery county is hereby affirmed.

*Judgment affirmed.*