(No. 31158.—

THE PEOPLE *ex rel.* John C. Stoffel *et al.*, Appellees, *vs.*
THE TOWN OF CICERO *et al.*, Appellants.

*Opinion filed November 22, 1949.*

NICHOLAS BERKOS, (ODE L. RANKIN, and JOHN C.
GEKAS, of counsel,) all of Chicago, for appellants.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, and
HENRY T. SYNEK, (EMIL F. MEIER, of counsel,) all of
Chicago, for appellees,

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

On January 27, 1949, an action for *mandamus* was filed in the circuit court of Cook County, on the relation of certain individuals alleged to be residents and qualified voters of the town of Cicero, seeking to compel the president and trustees of the town of Cicero to submit to the electors of said town the question whether it shall incorporate as a city under the provisions of article 2 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1947, chap. 24, par. 2-1 *et seq.*) The complaint alleged that on November 9, 1948, more than one eighth of the electors who had voted at the last preceding municipal election had filed their petition, containing the signatures of more than 10,000 such electors, directed to the president and board of trustees, requesting that they submit said question to a vote of the electors at an election to be held within the time required by law; that said defendants have since continuously refused to do so; and that relators and other electors of the town of Cicero have been thereby disenfranchised. Defendants moved to strike the complaint on the ground that it fails to allege facts which would warrant the relief requested. This motion was overruled, and, the defendants having elected to stand on their motion, the court entered judgment directing the issuance of the writ as prayed in the complaint. Defendants have taken an appeal directly to this court.

Section 2-4 of the act provides that "Any incorporated town or village having a population of not less than one thousand, may incorporate as a city in like manner as is provided in sections 2-1 to 2-3, inclusive. In all such cases, however, the president and trustees of the village or incorporated town, respectively, shall perform the same duties relative to such change of organization as are required by sections 2-1 to 2-3, inclusive, to be performed

by the mayor and corporate authorities of cities." Section 2-1 provides for the adoption of the act by existing cities as follows: "Whenever one-eighth of the electors of any city voting at the last preceding municipal election petition the corporate authorities thereof to submit the question whether the city shall incorporate under this Act to a vote of the electors in the city, the corporate authorities shall submit this question to a vote of the electors of the city at an election to be held in the city within sixty days from the date of filing of such petition." Section 2-2 directs the mayor of the city to give notice of the election, and section 2-3 prescribes the form of ballot and the duties of the corporate authorities. The latter section further provides that if a majority of votes favor incorporation as a city under the general law, the city is incorporated under the act, and that "Thereupon, the city officers then in office shall exercise the powers conferred upon like officers in this Act, until their successors are elected and have qualified."

It is not disputed that the town of Cicero is an incorporated town having a population exceeding one thousand, and that the steps alleged in the complaint are in conformity with the procedure prescribed by the act. Appellants contend, however, that Cicero is not the type of incorporated town contemplated by section 2-4 for the reason that it was created by a special charter which conferred upon it a dual nature; that under its statutory structure it administers on the one hand the functions of a township as an agency of the general government and on the other the functions of local self government as an incorporated town; that such a town is properly described as an incorporated town which has superseded a civil township; and that this type of municipal organization is specifically excluded from the act except as to provisions expressly referring to it by that description.

There is no doubt that the town of Cicero comes within the classification of an incorporated town which has superseded a civil township. (Private Laws of 1867, vol. 3, p. 385; *People ex rel. Toman* v. *Hines Lumber Co.* 385 Ill. 366, 367.) The question is, therefore, whether such an incorporated town is embraced within the provisions of section 2-4, which grants to "any incorporated town" the power to incorporate as a city under the act.

To support their contention that it is not within the section appellants refer to section 1-2, which is concerned with definitions of terms used in the act. Subsection (1) of that section provides that " 'Municipal' or 'municipality' means a city, village, or incorporated town in the State of Illinois. 'Municipal' or 'municipality' does not include a township, town when used as the equivalent of a township, *incorporated town which has superseded a civil township,* [emphasis supplied,] county, school district, park district, sanitary district, or any other similar governmental district." Appellants take this definition to show a legislative intent that the term "incorporated town" as used in the act does not include an incorporated town which has superseded a civil township and that the latter is to be classified generally with school districts, park districts and similar governmental agencies. We cannot agree with this position. The function of section 1-2 is simply to prescribe the scope of particular terms when they appear in the act. It can have no bearing upon provisions in which the defined terms do not appear. Section 2-4 does not contain either "municipal" or "municipality." Its normal purport cannot, therefore, be varied by the statutory definitions of such words. If the legislature had intended that the term "incorporated town" should not include "incorporated town which has superseded a civil township" it would have so provided in section 1-2. Such a meaning cannot be inferred from a definition given to other words.

Appellants further maintain that section 87-1.1, entitled "Grant of certain powers to incorporated towns under special acts which have superseded a civil township," shows a legislative intent to exclude such towns from all provisions of the act other than those designated in that section and those which by their terms are expressly made applicable to "incorporated towns which have superseded civil townships." Section 87-1.1 provides that "The corporate authorities of any town incorporated under a special charter which has superseded a civil township, shall have the powers enumerated in Sections 15-4 to 15-17, both inclusive, and in Articles 17, 23, 35 to 41, both inclusive, 43, 49, 59 to 70, both inclusive, and 73 to 86, both inclusive,  *  *  *." An examination of the designated portions of the act shows that, except as hereinafter noted, they concern powers granted to municipalities, cities, or cities and villages. In making them applicable also to incorporated towns which have superseded civil townships, section 87-1.1 does not evidence any intention that the latter were to be excluded from other sections relating by their terms to incorporated towns. However, section 78-8 and sections 84.1-1 through 84.1-49, added by later amendments, come automatically within the provisions of section 87-1.1, which includes, among the powers incorporated by reference, those enumerated in articles 73 to 86, inclusive. Sections 78-8 and sections 84.1-1 through 84.1-49 apply by their terms to any city, village or incorporated town. As section 87-1.1 in its present form purports to grant the powers enumerated in such sections to incorporated towns which have superseded civil townships, it provides some indication that the latter were not intended by the legislature to be included within the broader term "incorporated towns."

We think, however, that other provisions of the act disclose a contrary intention with sufficient clarity to overcome such inferences. Section 1-5 is entitled "Scope of act." The first two paragraphs thereof concern the appli-

cation of the act as a whole, the third paragraph dealing with the application of any particular section. It reads as follows:

"This Act shall apply generally to all municipalities which are treated as properly incorporated under this Act as provided in the first paragraph of section 1-3 and to all municipalities which are incorporated under this Act.

"This Act shall also apply generally to all municipalities incorporated and now existing under a special charter except to the extent that this Act is in conflict with any provision in a special charter, and except as otherwise provided in subsection (1) of Section 1-2. In this latter event, the special charter shall govern except where a provision in this Act is stated to apply to municipalities incorporated under a special charter, or to municipalities whether incorporated under a general or special act, or words to that effect, or where it is otherwise made manifest that this Act or any other Illinois statute is intended to govern despite the inconsistent provisions in the special charter.

"However, if a particular section of this Act is limited to cities or villages or incorporated towns or any combination thereof, or to cities, villages, or incorporated towns of a specified type or any combination thereof, that intention shall prevail."

It will be observed that section 2-4 does not by its terms apply to "municipalities" but is limited to any incorporated town or village. By the last paragraph of section 1-5 the legislature has said in effect that when a section specifies "any incorporated town" that intention shall prevail, regardless of the extent to which the particular town would otherwise be governed by the act as a "municipality." The phrase "any incorporated town" must, therefore, be given its natural meaning, including thereunder an incorporated town which has superseded a civil township.

A similar conclusion has been reached by the Appellate Court in *People ex rel. Sandusky* v. *Kral*, 324 Ill. App.

574, leave to appeal denied 326 Ill. App. XV. It was there held that section 9-75 of the act, which provides that the president of "any village or incorporated town" shall have the same powers as the mayor of a city, governed the appointment of a superintendent of police for the town of Cicero. The contention was rejected that the definition of "municipality" contained in subsection (1) of section 1-2 excludes the town of Cicero from the act except as to section 87-1.1, the court referring to section 1-5 as controlling the application of the act.

This construction is further supported by the fact that, in other provisions which concern incorporated towns, the legislature has expressly excluded incorporated towns which have superseded civil townships, when it has not intended such provisions to apply thereto. Thus section 9-78, which deals with elections and powers of trustees in villages and incorporated towns under special acts, states specifically that "This section shall not apply to or change the method of election or the powers of the members of the legislative body of incorporated towns which have superseded civil townships." It is significant that no such exception is contained in section 2-4.

That section must be construed to apply to whatever fulfills the description "incorporated town." We have heretofore had occasion to consider the character of the town of Cicero. In *People ex rel. Deneen* v. *Martin,* 178 Ill. 611, we observed that prior to 1867 it was a town under the Township Organization Act, that in 1867 an act was adopted creating the incorporated town of Cicero, and that in 1869 that act was revised and provisions added conferring additional powers upon the corporation. We further stated that "The town of Cicero, as a town under township organization, was merged in the new corporation created by those enactments, and its existence as a corporate entity thereby terminated. The corporation thereafter existing, covering said territory, was the incorporated

town of Cicero, chartered by said enactments." The legislature has made section 2-4 applicable to incorporated towns. It has neither added therein an exception to eliminate the Cicero type nor provided elsewhere in the act a special definition of the term "incorporated town." In the absence of such provisions, we would not be warranted in restricting the scope of the term so as to exclude incorporated towns of a particular type.

Appellants next invoke the rule that the writ of *mandamus* is not a writ of right, and may be refused in the discretion of the court, even though the petitioner has a clear legal right for which *mandamus* is a proper remedy, when confusion and disorder would result therefrom. They assert that confusion will result because there will be no provision for township government in the Cicero territory if the proposition is adopted. The rule has no application here. In the present case the writ was granted by the trial court, and hence the question of a trial court's discretion to refuse the writ in the situation described is not before this court. In any event, appellants have not shown that confusion or disorder will result from the granting of the writ. The order merely directs them to submit the question to a vote of the electors. It is not contended that the holding of such an election would create confusion or disorder. Nor would confusion necessarily arise even if the proposition is adopted by the voters, for ample power exists in the appropriate agencies of government to provide for township government in the area in question. *Town of Cicero* v. *City of Chicago,* 182 Ill. 301, 308.

Appellants further contend that the act, in so far as it purports to authorize the people of Cicero to abolish its special charter, is an unconstitutional delegation of legislative power. This objection was not made before the trial court, and cannot now be considered by this court. It is well settled that the question of the constitutionality of a statute cannot be raised for the first time in a court

of review. *People ex rel. Toman* v. *Belmont Radio Corp.* 388 Ill. 11.

It is also claimed that when the trial court entered its judgment "it usurped the powers of the legislature and legislated the Town of Cicero within the cities and villages act," thus entitling appellants to raise a constitutional question for the first time on appeal. There is, obviously, no basis for such a contention. The decision of the circuit court was simply one of construction, the character of which is not even remotely subject to the criticism of having entered the legislative field.

Other arguments are made by appellants which do not merit discussion. The judgment of the circuit court was correct and will be affirmed.

*Judgment affirmed.*