(No. 33580.—

THE PEOPLE *ex rel.* Sam S. Cannella, Appellant, *vs.* THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed November 30, 1955—Rehearing denied Jan. 16, 1956.*

SAMUEL KART, of Chicago, (GILBERT KART, and AR-
THUR FRANKEL, of counsel,) for appellant.

JOHN C. MELANIPHY, Acting Corporation Counsel, of
Chicago, (ROBERT J. NOLAN, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Approximately three months after the 1953 annual
appropriation ordinance for the city of Chicago had been
adopted and become effective, (See: Ill. Rev. Stat. 1951,
chap. 24, par. 22-1,) Sam S. Cannella, allegedly suing on
behalf of the People as a citizen, elector and taxpayer, filed
a petition for writ of *mandamus* in the superior court of
Cook County, seeking to compel the city and its appropriate
officers to draft and adopt a new appropriation ordinance
for the year in question. Briefly stated, it was the theory
of the petition that each and every appropriation for the
disbursement of funds derived from motor vehicle taxes
"is misdescribed, misnamed, and not described or named
with sufficient accuracy or certainty as is required and
specified by the law," and therefore illegal as being for
purposes other than those authorized by section 23-53 of
the Revised Cities and Villages Act, (Ill. Rev. Stat. 1951,
chap. 24, par. 23-53,) and by sections 21c and 26a of the
Motor Vehicle Act. (Ill. Rev. Stat. 1951, chap. 95½,
pars 26b and 32a, respectively.) Based upon the construc-
tion of the ordinance alleged, petitioner further set forth
that he was entitled to a writ of *mandamus* to compel the
respondents to perform the duties imposed upon them by
law.

Respondents filed a motion to strike the petition which
was sustained, and a second motion to strike an amended
petition filed by leave of court. In each instance the grounds
pleaded in the motions raised the following issues: (1)
Whether petitioner could, under the facts, maintain an
action for *mandamus;* (2) whether *mandamus* is the

proper remedy to compel the correction of an appropriation ordinance; (3) whether, inasmuch as the statutory period within which such an ordinance could be amended had passed, petitioner could compel respondents to perform acts prohibited by statute; and (4) whether the items of appropriation complained of were in fact authorized by the applicable statutes. The court, without indicating the ground, sustained the motion to dismiss the amended complaint, and when the petitioner elected to stand on his pleading judgment was entered for respondents. Petitioner has appealed from this judgment, the trial judge having certified that the validity of a municipal ordinance is involved and that, in his opinion, the public interest requires that the appeal be taken directly to this court.

The assignment of errors relied upon for reversal, together with the briefs of the parties, brings before us the same issues created by respondents' motion to dismiss the amended petition. Our consideration, however, need extend no further than to the question of whether the petition seeks to compel an act that is no longer within the power of respondents to perform.

*Mandamus* is not a writ of right but is awarded only in the exercise of sound judicial discretion in accord with legal principles. (*People ex rel. Kula* v. *O'Connell,* 394 Ill. 409; *People ex rel. Hamilton* v. *Cohen,* 355 Ill. 499.) In observance of this tenet it has long been held that the writ will never issue for the performance of an act which, for any reason, has become unlawful to be performed, (*People ex rel. Thatcher* v. *Village of Hyde Park,* 117 Ill. 462; *People ex rel. Ewing* v. *Forquer,* Breese, 104,) and that it will not issue when it is no longer within the power of the respondent officers to perform the act sought to be enforced. *People ex rel. Green* v. *Board of Commissioners of Cook County,* 176 Ill. 576; *State ex rel. Waggoner* v. *Russell,* 34 Neb. 116, 51 N.W. 465; *United States* v. *Bout-*

*well,* 17 Wall 604, 21 L. ed. 721; 34 Am. Jur., Mandamus, sec. 62.

In the instant case section 22-1 of the Revised Cities and Villages Act which authorizes the appropriation ordinance under attack, provides in part as follows: "* * * The appropriation ordinance, as originally passed or as subsequently amended, also may be amended at any regular or special meeting of the corporate authorities held not more than fifteen days after the first regular meeting of the corporate authorities occurring not less than five days after the passage of the ordinance, by repealing or reducing the amount of any item of appropriation contained therein. Except as otherwise specially provided by law, no further appropriations shall be made prior to the passage of the next succeeding annual appropriation ordinance." (Ill. Rev. Stat. 1951, chap. 24, par. 22-1.) We have construed this language to mean that amendment of an appropriation ordinance enacted pursuant to the section is authorized only at the next regular council meeting occurring not less than five days after its final passage, with the exception that during an additional fifteen-day period an item may be repealed or reduced in amount. (*People ex rel. Brenza* v. *Fleetwood,* 413 Ill. 530, 536; *People ex rel. Brenza* v. *Morrison Hotel Corp.* 4 Ill. 2d 542, 550-551.) Thus in the face of the statutory mandate, it necessarily follows that when the petition herein was filed three months after the ordinance had become final, it was no longer within the respondents' power to draft and adopt a new ordinance as prayed. In principle there is little to distinguish the case from that of *People ex rel. Green* v. *Board of Commissioners of Cook County,* 176 Ill. 576. There a writ of *mandamus* was sought to compel respondents to act as a board of review on property assessments for the year 1898; it was denied, however, for the reason that the respondents' statutory authority to act in such a capacity had ceased by

virtue of a new law which had taken effect on July 1, 1898. Simply stated, the rationale of the decision was that *mandamus,* being a discretionary writ, will not issue if the respondents have no power to act. The same principle has application here, for at the time petitioner commenced his action, respondents had no power even to amend the appropriation ordinance, let alone to draft and adopt an entirely new ordinance as prayed.

Petitioner presents some argument that further language of section 22-1 which permits the corporate authorities to provide for the payment of "any charge imposed by law without the action of any corporate authority thereof, whenever the payment of the charge has been ordered by a court of competent jurisdiction," is such as to confer upon this court the power to grant the relief he seeks. We are not told, however, how the legislative authority "to order the payment of a charge" may be extended or interpreted as authority to direct either the amendment or the enactment of a new ordinance at a time beyond the express limits fixed by the legislature.

Another rule of law is that the writ of *mandamus,* which is awarded in the discretion of the court, will not be issued where it would create disorder or confusion in the public service. (*State Life Ins. Co.* v. *Board of Education,* 394 Ill. 301; *People ex rel. Behnke* v. *McLaughlin,* 362 Ill. 274; *People ex rel. Stettauer* v. *Olsen,* 215 Ill. 620.) In the case last cited it was considered a sufficient ground for denying the writ that 70 per cent of the work of extending taxes had been done, that new books would be required, and that some taxes would have to be returned. Comparable confusion would exist in the present case if the relief sought was to be granted.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*