People of the State of Illinois ex rel. Galvino Cantu, et al., Plaintiffs-Appellees, v. School Directors of District No. 108, County of Cook and State of Illinois, a Body Politic and Corporate, William Hartman, President; Ellen Spear, Secretary, John Price, Jr. et al., Defendants-Appellants.

Gen. No. 49,513.

First District, Fourth Division.

April 28, 1965.

Rehearing denied June 17, 1965.

Sundheim, Olson and Fisher, of Chicago (Ward P. Fisher, of counsel), for appellants.

L. Louis Karton, of Chicago, for appellees.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

On October 3, 1963, the plaintiffs filed a complaint for mandamus. An answer was filed to the complaint and a reply to the answer was filed. The case was heard before a judge of the Circuit Court of Cook County, who entered an order that a writ of mandamus issue forthwith commanding that the defendants, School Directors of District No. 108, promptly provide free public transportation for the children of the plaintiffs and all other children residing in The Sterling Estates to enable them to travel to and from their homes and the Willow Springs Consolidated School at 8345 Archer Avenue in the Village of Willow Springs.

In their complaint the plaintiffs set out and relied on certain statutes (Ill Rev Stats 1961, c 122, § 29–2), as follows:

> "29–2. Transportation of pupils less than one and one-half miles from school. School boards may provide transportation for pupils living less than one and one-half miles as measured by the customary route of travel from the school attended and may make a charge for such transportation in an amount of not to exceed the cost thereof, which shall include a reasonable allowance for depreciation of the vehicles so used.

> "29–3. Transportation in school districts. School boards of community consolidated districts, community unit districts, consolidated districts and consolidated high school districts shall provide

**283**

free transportation for pupils residing at a distance of one and one-half miles or more from any school to which they are assigned for attendance maintained within the district except for those pupils for whom the school board shall certify to the Superintendent of Public Instruction that adequate transportation for the public is available.

"For the purposes of this Act 'adequate transportation for the public' shall be assumed to exist for such pupils as can reach school by walking one way, less than $1\frac{1}{2}$ miles irrespective of the distance the pupil is transported by public transportation."

In this court the defendants argue that the trial court erred in requiring the school board to provide free transportation; 1) as there was available to the pupils a safe pedestrian route of less than one and one-half miles from their residences to the school; or 2) in the alternative, that adequate public transportation, certified by the board, was available to the pupils, the use of which reduced the walking distance to less than one and one-half miles one way. The plaintiffs, on the other hand, argue that the safety of the route must be taken into consideration in determining whether or not the children live less than one and one-half miles from the school; that the shorter pedestrian route is hazardous; and that the public transportation is inadequate. We will neither discuss the question of hazard as applied to the shorter route, nor attempt to interpret the statute (sec 29–2) on that point, since it is conceded by plaintiffs that the case was presented to and determined by the trial court as one of free transportation arising under section 29–3. We therefore consider that the case is governed by the question of whether or not there is adequate public

transportation as defined in paragraph 2 of section 29–3.

It appears from the record that Bluebird Coach Lines operated in the vicinity of the school. The stop closest to the residences of the students involved in the suit was at Cork Avenue and Route 4-A,* which is three-fourths of a mile from The Sterling Estates. A bus left Cork Avenue at 8:05 a. m., arriving at the school about 8:12. Mr. Hartman, President of the School Board, testified that some of the teachers who used the bus were let off in front of the school. The first school bell rang at 8:30. The custodian arrived about 7:15 and opened the school at 7:30. The superintendent arrived about 8:00, usually with one teacher, and the children could enter the school at that time. School let out in the afternoon at 3:05, and a bus went east at 3:40. In order to reach the bus stop the children were required to walk approximately one-half mile. In their brief the plaintiffs admit that the aggregate one-way walking distance to secure public transportation was less than one and one-half miles.

One of plaintiffs' witnesses, Robert Hayes [Assistant County Superintendent of Schools and Supervisor of School Transportation for Cook County], testified that he did not make a study of the public transportation available to the children of plaintiffs going to the school, but that public transportation was provided by the Bluebird Bus Company. He stated he took the position that the public transportation was not adequate, and relied on two factors; one, the time element, and the other, that "public transportation is not available for everybody." He further stated that under the statute the Board of Education is required to provide

---

* One of the school board members, Jerome Montplacsir, testified that this distance was .53 mile.

transportation only for those living over a mile and one-half away from the school. He testified that the bus stop at Willow Springs Road where the children would be required to get the bus for their trip home was about one-half mile from the school and that he was sure the bus would stop at the school. He stated that the distance from the trailer court (Sterling Estates) where plaintiffs live, to the bus stop was three-fourths of a mile or a mile and a quarter in all, and that from the entrance of the trailer court there is a perfectly safe path for the children to walk to the bus stop. Mr. Hayes also said that a 25-minute wait was not excessive for a child going to school. The suit was brought with reference to all children living in The Sterling Estates. It is not necessary for the litigants or the court to concern themselves under this suit with other children living in the district.

Mr. Montplacsir, one of the school directors, testified that he had talked with representatives of the Bluebird Bus Company, and that they said "they would stop right in front of the school for us."

Mr. Hartman also testified that, in accordance with the statute, the school directors had sent a letter to the State certifying that adequate public transportation was available. The board received no reply from the Superintendent of Public Instruction. The reasons for the decision of the board were that the trailer court was within one and one-half miles distance from the school, or in the alternative, that the distance thereto was reduced by the use of available certified public transportation.

Mr. Abernathy was called by the plaintiff as a witness in rebuttal. He was Assistant Director in the Transportation Department of the Superintendent of Public Instruction. He testified that the defendants filed a certificate of adequacy of public transportation with their office on August 26, 1963; that it was not

approved nor was it required to be approved under the statute; and that to his knowledge a certificate of adequacy of transportation had never been disapproved by their department.

One of the defendants, Ellen Spear, secretary and a member of the School Board, testified that she had gone to Springfield on August 26 and consulted with Ray Page, the Superintendent of Public Instruction, and with others in his office, explaining the problem and showing them maps and pictures. She stated she told them about the Bluebird buses and that they said they felt that was adequate transportation.

> "Mandamus is an extraordinary remedy. It is a summary and drastic writ, and is sometimes referred to as the highest judicial writ known to the law." (26 ILP Mandamus § 2.)

> "Mandamus is not a writ of right, and the granting or refusal of the writ is a matter resting within the discretion of the court. Such discretion, however, is not an arbitrary one governed by fancy, caprice or prejudice, but is a sound discretion, to be exercised according to legal principles and in the light of all the existing facts and circumstances." (26 ILP Mandamus § 3.)

It is incumbent upon the plaintiffs in the case before us to show that they have a clear and undoubted right to the issuance of a writ of mandamus. In People v. Whealan, 356 Ill 328, 190 NE 698, the court said:

> ". . . It has long been the rule in this State that a relator in mandamus must show a clear and undoubted right to the relief prayed and a corresponding duty on the part of the respondent to do the act sought to be compelled. (Hooper v. Snow, 326 Ill 142; People v. Department of Public

Works, 320 id. 117.) This is a burden which rests on the relator, and it is incumbent on him to show every material fact necessary to establish the existence of such right and duty. (People v. Sellars, 179 Ill 170; Swift v. Klein, 163 id. 269; Chicago and Alton Railroad Co. v. Suffern, 129 id. 274.)"

In Daniels v. Cavner, 404 Ill 372, 88 NE2d 823, the court said:

". . . Mandamus is an extraordinary remedy, and one seeking the writ must show a clear right to it. (Wilson v. Board of Education, 394 Ill 197; Friedman v. City of Chicago, 374 Ill 545; People ex rel. Davidson v. Bradley, 382 Ill 383.) A petition for mandamus must set forth every material fact necessary to show that it is the duty of the person against whom the writ is sought to perform the acts sought to be compelled. (People ex rel. City of Chicago v. Board of Review, 326 Ill 124; People ex rel. Parker v. Board of Appeals, 367 Ill 559.) The burden rests on the relator to show every material fact necessary to establish the existence of such right and duty. (People ex rel. Callahan v. Whealan, 356 Ill 328.)"

Also see 26 ILP Madamus §§ 143, 162.

██ In the case before us the plaintiffs' complaint quoted the statute but did not plead that there was no adequate public transportation; however, in their answer the defendants, as an affirmative defense, pleaded that there was adequate public transportation and that a certificate to that effect had been filed. Plaintiffs' reply denied that adequate public transportation was available, so that issue was before the trial court and is properly before this court for its consideration. From the evidence it must be taken that the public transportation provided for the children is adequate.

In allowing a writ of mandamus to issue under those circumstances, the trial court abused its discretion. The judgment order of the Circuit Court of Cook County is reversed.

Reversed.

DRUCKER and ENGLISH, JJ., concur.