JAMES McRELL *et al.*, Plaintiffs-Appellants, *v.* WILLIAM N. JACKSON, JR., *et al.*, Defendants-Appellees.

Third District   No. 76-440

Opinion filed June 8, 1977.

STOUDER, J., concurring in part and dissenting in part.

Richard Whitman, of Kritzer, Stansell & Critser, of Monmouth, for appellants.

Robert Stoerzbach, of Barash & Stoerzbach, of Galesburg, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

The plaintiffs, John McRell *et al.*, appeal from a dismissal of their petition for a writ of mandamus requesting that the defendants, members of the Board of Education of Community Unit School District No. 202, be required to conduct an election pursuant to section 28—1 of the Illinois Election Code (Ill. Rev. Stat. 1975, ch. 46, par. 28—1), asking whether two specific schools in the school district should be kept in operation.

The plaintiffs are all voters and taxpayers of the defendant Community Unit School District. On June 3, 1976, the plaintiffs delivered to the secretary of the School Board a petition signed by 1,094 of 3,575 registered voters asking for the election. The petition set the date of August 21, 1976, as the date of the proposed election and requested specifically that the following questions be submitted to the voters of the school district:

(1). Shall Appleton School be kept in operation after the 1975-1976 school year?

(2). Shall the DeLong School be kept in operation after the 1975-1976 school year?

Previously the School Board had voted 4—3 to close both schools. Subsequently on June 28, 1976, the School Board voted 3—2 not to hold the petitioned for election. The refusal resulted in the plaintiffs' petition for writ of mandamus. Plaintiffs' motion to expedite the proceedings was filed on August 3, 1976, and heard and denied on August 10, 1976. The trial court entered an order with memorandum opinion on August 18, 1976, finding that because of affidavits of a majority of the School Board stating that the outcome of the proposed election would not affect their

vote to close the two schools, "it is clear that compelling an election would have no beneficial result." The trial court also found there was no reason for delaying enforcement or appeal.

The comprehensive issue preserved for review is whether the trial court erred in granting the motion to dismiss plaintiffs' petition for writ of mandamus under the existing facts and law.

■■ Defendants initially argue that the election sought in this case is an election or referendum relative to school matters and accordingly should be governed by article 9 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 9—2) rather than the Illinois Election Code (Ill. Rev. Stat. 1975, ch. 46, par. 28—1). To support their position defendants produced a letter received from the Illinois Office of Education's legal counsel (attached as Exhibit A to the motion to dismiss) which concurred in defendants position on the applicable law. We have examined both cited statutes and conclude from the express language contained therein that article 9 of the School Code does not purport to govern all elections involving school matters but only those expressly provided for under article 9 of the School Code. We will attempt to construe both the Election Code and the School Code in harmony with each other, if possible consistent with the legislative intent of both statutes. *Scofield v. Board of Education* (1952), 411 Ill. 11, 103 N.E.2d 640.

■■■ The plaintiffs' main contention is that the purpose of section 28—1 of the Election Code (Ill. Rev. Stat. 1975, ch. 46, par. 28—1) is to allow voters to express their opinion on questions of public policy and that such purpose was frustrated by the School Board's refusal to hold the election. The defendants' claim that the two items proposed to be submitted to the voters do not constitute questions of public policy within the meaning of the Election Code. That problem, presented by this case, was stated concisely in *People ex rel. Koelling v. Cannon* (1908), 236 Ill. 179, 182, 86 N.E. 215, 217, "If the question presented by the petition was one of public policy within the meaning of the statute, the election commission had no discretion in the matter, and it became their duty to submit it to be voted upon at the election. If the question, however, was not one of public policy within the meaning of the law, then it was their duty to refuse to submit the question." However it has been held that the result of such an election on a question of public policy is not mandatory upon the authorities, but is directory only. (*City of Litchfield v. Hart* (1940), 306 Ill. App. 621, 29 N.E.2d 678.) Therefore the thrust of the affidavits of a majority of the School Board, that the results of the proposed election would not cause them to change their vote to close the two schools as part of an overall economic austerity package, is not the controlling fact. Thus the purpose for holding the election, to give the

voters the chance to express their opinion on public policy, is accomplished merely by holding the election, regardless of whether an affirmative vote to keep the two schools open would have any effect on changing school board policy or membership. See *Nordine v. Illinois Power Co.* (4th Dist. 1964), 48 Ill. App. 2d 424, 199 N.E.2d 34.

While we generally agree with plaintiffs' position that the closing of the two schools may well have been a legitimate area of public policy and that an election pursuant to the petition should have been held, we feel justified in affirming the trial court on other grounds.

■■ The writ of mandamus is an extraordinary remedy. As was stated in *People ex rel. County of Cook v. Nelson* (1932), 349 Ill. 193, 197, 181 N.E. 635, 637, "The writ of *mandamus* is a summary writ issued from a court of competent jurisdiction commanding the officer or officers to whom it is addressed to perform some public duty which the relator is entitled of right to have performed and which the party owing the duty has failed to perform." Granting or denying such a summary and drastic remedy is a matter resting within the discretion of the court. (*People v. School Directors* (1965), 58 Ill. App. 2d 282, 208 N.E.2d 301.) We believe that the trial court can in a sound exercise of discretion refuse to grant a writ of mandamus where the attendant circumstances demand that result, such as where issuing the writ would create disorder or cause confusion in the public at large. (*People ex rel. Cannella v. City of Chicago* (1955), 7 Ill. 2d 416, 131 N.E.2d 98; *Lenit v. Powers* (1970), 120 Ill. App. 2d 411, 257 N.E.2d 142.) A similar cause for denying a writ of mandamus is where the act ordered cannot be effectuated by the process of the issuing court. *People ex rel. Yarrow v. Lueders* (1919), 287 Ill. 107, 122 N.E. 374.

■■ In the instant case the trial court observed that the petitions requesting the election set the date it would be held on August 21, 1976. In the written opinion and order dated August 18, 1976, the trial court correctly ruled that "It would be impossible to give statutory notice of the election for that date * * *." We agree with the trial court that no beneficial result could be obtained by issuance of the writ at that late date. Further the record reveals no delay or stall tactics caused by the defendants. Plaintiffs' reliance on *People ex rel. Yarrow v. Lueders* (1919), 287 Ill. 107, 122 N.E. 374, for approval of issuing the writ of mandamus and ordering the election to be held on a later date is misplaced. In *Lueders* the petitions did not set down a date certain for the election and the petition for writ of mandamus was amended to request that if the writ of mandamus could not be issued in time for the upcoming election, it should be granted for an election thereafter. The instant case is lacking factually as to both such elements. The plaintiffs put the trial court in a position of violating the statutory notice provisions for an election if it

issued the writ as requested. We believe the trial court properly exercised its discretion by denying the writ of mandamus.

The judgment of the Circuit Court of Knox County is affirmed.

Affirmed.

ALLOY, J., concurs.

Mr. PRESIDING JUSTICE STOUDER, concurring in part and dissenting in part:

I agree with the majority's position that the closing of two schools is a legitimate area of public concern and that the board was under a duty to hold an election pursuant to the petition. I cannot join in their decision to affirm the trial court and disagree with their reasons for doing so. Mandamus was and still is appropriate and should be granted.

Having first decided that the school board was under a duty to hold the election, a conclusion with which I agree, the majority proceeds to hold the action of the trial court was proper because it was at that time not possible to hold the election on the date specified in the petition. This procedural deficiency is the only apparent reason advanced by the majority to support their conclusion that the trial court acted properly.

I believe that *People ex rel. Yarrow v. Lueders*, 287 Ill. 107, 122 N.E. 374, is controlling and persuasive authority in support of my position that the writ of mandamus should have been awarded. Contrary to the majority, I believe *Lueders* is not distinguishable and dictates the issuance of a writ of mandamus. In *Lueders*, the plaintiffs filed a petition with the Board of Election Commissioners requesting submission of a question at the next general election and later filed a petition for writ of mandamus in the superior court of Cook County when the commission refused to submit the question. When it appeared that time might not permit the submission of the question at the next general election as requested, the petition for writ of mandamus was amended to ask that if the writ could not be issued in time for the upcoming election, it should be granted for an election thereafter. On motion of respondent the amendment was stricken and there remained no possibility of any relief being obtained in the superior court. No further action was taken with respect to the superior court proceeding and the supreme court proceeding was not a review of the trial court's action. The plaintiff then filed an original action in the Illinois Supreme Court seeking a writ of mandamus to require the Board to submit the question at a subsequent general election. After first holding the original action in the supreme court was proper, the court determined that the duty of defendants was a continuing one. So long as

the duty was continuing and performance of it would not be unlawful, the court held that the writ would issue. In finding the writ proper, the court stated:

"It would be a reproach to the law if there is a right and no means to vindicate and maintain it, and that would be the case if the respondents, by refusing to perform their duty, have absolved themselves from all obligations of the law. There are many cases of continuing duties although a specific time is provided for their performance. An example of such duty is the provision of the constitution in section 6 of article 4 that the General Assembly shall apportion the State every ten years, beginning with the year 1871, but, although the constitution fixes the time when an apportionment shall be made, the duty and power are continuing in their nature and the apportionment can be made at any time afterward within the ten-year period." 287 Ill. 107, 115-16, 122 N.E. 374, 377.

The majority states that *Lueders* is distinguishable because the petition in *Lueders* did not set down a date certain for the election and was amended to request that if the writ could not issue in time for the election, it should be granted for one thereafter. I believe such reasons form an insufficient basis to distinguish *Lueders*. First, specifying an election by its calendar date is no more specific than describing an election by referring to a particular general election. In both instances, a particular date is designated and different methods of identifying or specifying the date are an inappropriate rational basis upon which to form legal distinctions. In addition, under section 34 of the Civil Practice Act, (Ill. Rev. Stat. 1975, ch. 110, par. 34), the court has the authority to grant relief different from that requested, so long as it is supported by the substantive allegations in the pleading of the evidence. That statutory provision provides in pertinent part:

"Except in case of default, the prayer for relief does not limit the relief obtainable, but where other relief is sought the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise."

If the question could not be submitted as requested in the petition due to the passage of time, the court had the authority and the responsibility to order the election to be held on a later date when the statutory prerequisites for holding an election could be complied with. The trial court did not consider whether it had authority to schedule the election at some other time or whether it should do so. As is clear from the record, the court had previously determined the school board was under no duty to call the election, a holding with which the majority and I both disagree.

In *People ex rel. Arnd v. Heckard*, 341 Ill. 144, 173 N.E. 124, the court

found that the decree as awarded made no provision for compliance with the statute in question for the years 1915 to 1927 inclusive. In ordering the decree to be modified to afford complete relief for the entire time period, the court stated:

> "An officer cannot set up an excuse that the time fixed by the statute to collect an assessment or enter omitted proof has passed, when it was his own failure to perform the duty within the statutory time which made it necessary to institute the *mandamus* proceeding. [Citation.] The defendants cannot evade their duty by answering that the time for its performance has passed when it still may be lawfully performed." 341 Ill. 144, 151, 173 N.E. 124, 127.

Here, there is no question but that the board had the duty to hold the election and refused to do so. The board is a continuing body which still has the authority to hold the election and is under a continuing duty to do so. Neither the holding of the election nor the results of the election would cause confusion or disorder which could not be adequately dealt with by the trial court, as seems to be implied by my colleagues. (*People ex rel. Killeen v. Kankakee School District No. 11*, 48 Ill. 2d 419, 270 N.E.2d 36; *People ex rel. Stoffel v. Town of Cicero*, 404 Ill. 432, 89 N.E.2d 350.) While the defendant's inaction in refusing to hold the election may have defeated the timing of the precise relief plaintiff requested, it should not and does not defeat plaintiff's right to an election, nor the board's continuing duty to hold that election. As amply stated in *People ex rel. Yarrow v. Lueders*, 287 Ill. 107, 122 N.E. 374:

> "It would be contrary to reason and every instinct of justice and right that a refusal of the respondents to perform their duty at the first of those elections should enable them to defeat the law and the right of the petitioners." (287 Ill. 107, 116, 122 N.E. 374, 378.)

Whenever the statute authorizes submission of a question at an election, it is plaintiff's right that such an election be held. I believe the writ should be awarded commanding the board to submit the questions as requested by plaintiff at the earliest convenient time.