## No. 10,266.

### TRAVELERS INSURANCE CO., ET AL. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided June 5, 1922.   Rehearing denied July 3, 1922.

Action involving the constitutionality of a portion of the workmen's compensation act relating to insurance. Constitutionality upheld.

### *Affirmed.*

1. CONSTITUTIONAL LAW — *Workmen's Compensation* — *Insurance.* That part of section 22 of the workmen's compensation act of 1919, providing that the industrial commission shall prescribe the form of contract of insurance for use in insuring compensation, is administrative only, and not unconstitutional as delegating legislative power.

2. *Delegation of Legislative Power.* Before a statute can be held unconstitutional as delegating legislative power, it must clearly appear that the power in question is purely legislative.

3. WORDS AND PHRASES—*"Legislate."* To legislate, is the power to enact laws.

4. *"Law."* A law is a rule of action prescribed by authority.

5. *"Prescribe."* To prescribe, means to dictate, to positively command.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. W. H. FERGUSON, Mr. JOHN P. AKOLT, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. SAMUEL CHUTKOW, assistant, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

SUCH is the record before us that, if a portion of section 22 of our Workmen's Compensation Act (L. 1919 p. 708) is constitutional, the judgment must be affirmed. If unconstitutional reversed. That part of the section reads:

"The Industrial Commission shall from time to time approve and prescribe a standard or universal form, as nearly as possible, for every contract or policy of insurance, endorsement, rider, letter, or other document affecting such contract, for use in insuring the compensation herein provided for."

Plaintiffs in error say this is a delegation to the commission of a legislative power and prohibited by the Constitution. If it is such a delegation it requires no citation of authority to establish the prohibition. The authorities cited in support of the contention that the power thus delegated is legislative are the following: *King v. Concordia Fire Ins. Co.,* 140 Mich. 258, 103 N. W. 616, 6 Ann. Cas. 87; *Nalley v. Home Ins. Co.,* 250 Mo. 452, 157 S. W. 769, Ann. Cas. 1915A, 283; *Phenix Ins. Co. v. Perkins,* 19 S. D. 59, 101 N. W. 1110; *Anderson v. Man. Fire A. Co.,* 59 Minn. 182, 60 N. W. 1095, 63 N. W. 241, 28 L. R. A. 609, 50 Am. St. Rep. 400; *Dowling v. Lan. Ins. Co.,* 92 Wis. 63, 65 N. W. 738, 31 L. R. A. 112; *O'Neil v. Am. Fire Ins. Co.,* 166 Pa. 72; 30 Atl. 943, 26 L. R. A. 715, 45 Am. St. Rep. 650.

Each of these cases deals with the general subject of insurance. In each the legislature, entering the theretofore open field of insurance contracts, had delegated to a commission, or commissioner, the power to make obligatory regulations concerning such contracts. In each the entire act in question fell if the delegated power were not upheld and in each the court held this to be a delegation of legislative power. No one of them dealt with the insurance feature of workmen's compensation, or any similar subject, hence they are not necessarily controlling here.

The general rule which must guide us in the determination of this question is well stated in *State v. Public Service Commission,* 94 Wash. 274, 279, 162 Pac. 523, 525.

"The constitutional division of all governmental powers into legislative, executive and judicial is abstract and general. Their complete separation in actual practice is impossible. The many complex relations created by modern society and business have produced many situations which can be adequately met only by vesting in the same administrative officers or bodies powers inherently partaking, to some extent of any two or all of these three functions."

Hence the rule that before a statute can be held unconstitutional as delegating legislative power it must clearly appear that the power in question is purely legislative. Id.

The reason for the rule that a legislative power may not be delegated should first be noted. The power to "legislate" is the power to enact laws. A "law" is a rule of action prescribed by authority. To "prescribe" means to dictate, to positively command. Such laws, being obligatory, leaving no option to those upon whom they operate, the people, who confer the authority, have a right to know by whom the power will be exercised, and having selected that agency with confidence in its judgment in the exercise of the wide discretion vested in it, have a right to demand that such powers will not be delegated to unknown agents and their original authors be thus subjected to an exercise thereof uncontemplated. To secure this protection the people have, by constitutional enactment, limited the exercise

of this great power to those directly chosen by them and specifically authorized thereto.

Our Workmen's Compensation Act contains 153 sections. But ten of these relate directly to the subject of insurance. The disputed portion of section 22 might be wiped out and the act remain unimpaired. This portion therefore is but an administrative incident. If the Industrial Commission failed to prescribe a standard form of policy not even the insurance feature of the Act would be seriously interfered with.

"It is to be borne in mind that the act was complete when it passed the General Assembly. The completeness of a statute when it leaves the hands of the legislature is one of the strongest proofs that it is not a delegation of legislative power. 6 R. C. L. 165. It was not left to go into effect upon a contingency." *Sayles v. Foley,* 38 R. I. 484, 504, 96 Atl. 340, 348.

Moreover our Workmen's Compensation Act is optional. Employer and employee may bring themselves within its terms or stay out as they elect. Compensation insurance is a new field created by the Act. No occupied territory is interfered with. The standard policy clause operates only on those who elect to become subject thereto. The form of policy is not forced upon them. It is no condition precedent to further operation in a field theretofore open. Moreover, having elected to come within the terms of the act the employer is given a choice of three methods of insuring his liability; he may carry the insurance personally, or in the state fund, or in a private company. The latter privilege has attached to it the condition that the form of policy used must be that prescribed by the commission. In so far as this is dictation to the insurance company it is dictation by the employer rather than by the law, the fixing of the form by private contract rather than by statute. The employer in effect says, "I have elected to take advantage of the act, and of the three methods of insurance I have elected to cover my liability in a private company. My right to make this election is based upon a condition

which I have accepted. You must therefore write me the form of policy prescribed by the commission. Otherwise I will do no business with you." When the insurance company elects to write the risk it must comply with the condition thus fixed. There is in all this no element of legal compulsion, hence the power to prescribe the policy form is not legislative in the sense in which the delegation of such power is prohibited.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER sitting as Chief Justice.