# SUPPLEMENT.

### OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

A proposed act pending in the Legislature, which provides that at the next State election there should be placed upon the official ballot in each congressional district the question, "Shall the senators from this commonwealth and the representative in congress from this district be requested to support a constitutional amendment to repeal the eighteenth amendment to the constitution of the United States known as the prohibition amendment?" and that the vote thus to be taken should not be regarded as an instruction to the senators and representatives but as the opinion and will of the people, proposes neither a "law" nor a "measure" within the provisions of The Initiative in art. 48 of the Amendments to the Constitution of the Commonwealth.

On February 28, 1928, the House of Representatives adopted the following order:

WHEREAS, There purports to be pending before the General Court, under the provisions of Article XLVIII of the Amendments to the Constitution relative to The Initiative, a certain matter, referred to its committee on Legal Affairs, purporting to be a proposed law introduced into the General Court by an initiative petition, which appears in House Document No. 214 of the current year, and is entitled "An Act to ascertain the Will of the People of the Commonwealth with Reference to the repeal of the Eighteenth Amendment to the Constitution of the United States," a copy of which document is herewith submitted; and

WHEREAS, There exists grave doubt as to whether or not said committee in its consideration of and report upon said matter, and said General Court in its action thereon, are required to follow the procedure prescribed in the aforesaid provisions of said Article XLVIII; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the House of Representatives on the following important question of law:

Is the above entitled matter a "law" or a "measure" within the meaning of the aforesaid provisions of said Article XLVIII?

The order was transmitted to the Justices on March 1, 1928, and on March 15, 1928, they returned the following answer:

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question propounded by the order adopted on the twenty-eighth day of February, 1928. Copy of the order is hereto annexed.

The substance of the question is whether a pending matter purporting to be a "proposed law" introduced by an initiative petition is within the terms of art. 48 of the Amendments to the Constitution. The title of the "proposed law" is "An Act to ascertain the will of the people of the Commonwealth with reference to the repeal of the Eighteenth Amendment to the Constitution of the United States." The text of the "proposed law" provides in § 1 that at the next State election there shall be placed upon the official ballot in each congressional district the question "Shall the senators from this commonwealth and the representative in congress from this district be requested to support a constitutional amendment to repeal the eighteenth amendment to the constitution of the United States known as the prohibition amendment?" By § 2 it is stated that the vote thus to be taken shall not be regarded as an instruction to the senators and representatives but as the opinion and will of the people.

The "popular initiative," which by Part I of art. 48 of the Amendments to the Constitution "the people reserve to themselves," is there defined to be "the power of a specified number of voters to submit constitutional amendments and laws to the people for approval or rejection." By "The Initiative," Part II, § 1, of said art. 48, it is provided that an "initiative petition shall set forth the full text of the constitutional amendment or law, hereinafter designated as the measure . . . ." Plainly the word "measure" as here used is defined by the Amendment itself to be either a "constitutional amendment" or a "law." It has no wider signifi-

cation. The "matter" to which the order of February 28, 1928, refers is not a "constitutional amendment." That is confined to an amendment to the Constitution of this Commonwealth. The precise question is whether it is a "law" as used in the initiative Amendment. A word in an amendment to the Constitution is not to be given a constricted meaning but the sense most obvious to the common understanding. *Attorney General* v. *Methuen*, 236 Mass. 564, 573. That part of art. 48 of the Amendments here material is more narrow than the power conferred upon the General Court by c. 1, § 1, art. 4 of the Constitution, whereby full power and authority are granted to the "general court . . . to make, ordain, and establish, all manner of wholesome and reasonable orders, laws, statutes, and ordinances, directions and instructions, either with penalties or without . . . ."

Without undertaking to frame a definition of "law" as used in this Amendment sufficiently accurate and comprehensive to meet all the conditions of the future, reference may be made to two definitions given in other jurisdictions in discussing the force and effect of statutes. In *American Banana Co.* v. *United Fruit Co.* 213 U. S. 347, 356, it was said by Mr. Justice Holmes: "Law is a statement of the circumstances in which the public force will be brought to bear upon men through the courts." In *Opinion of the Justices*, 66 N. H. 629, 632, occurs this: "Law 'is a rule: not a transient sudden order from a superior to or concerning a particular person; but something permanent, uniform, and universal . . . .'" The word "law" imports a general rule of conduct with appropriate means for its enforcement declared by some authority possessing sovereign power over the subject; it implies command and not entreaty; it is something different in kind from an ineffectual expression of opinion possessing no sanction to compel observance of the views announced. The text of the proposed law accompanying this initiative petition does not prescribe a general rule of conduct. It merely invites a declaration of opinion by voters on a subject over which the people of the Commonwealth possess no part of the sovereign power. Amendment of the Constitution of the United States and repeal of Amendments thereof constitute Federal functions derived

in every particular entirely from the Constitution of the United States. That instrument transcends all provisions sought to be enacted by the people or by the legislative authority of any State. The voters of the several States are excluded by the terms of art. 5 of the Constitution of the United States from participation in the process of its amendment. By that article all power over the subject is vested exclusively in the Legislatures of the several States. *Hawke* v. *Smith*, 253 U. S. 221, 227. *Leser* v. *Garnett*, 258 U. S. 130, 137. The result of the vote as proposed in this initiative petition would be lacking in any effective force. The proposed law is wanting in features essential to constitute its provisions a law within any permissible conception of the meaning of that word. Superficial appearances cannot clothe with the attributes of law something in substance vain and inoperative. The mandate to the Secretary of the Commonwealth in § 2 to tabulate the returns of the votes and to "transmit copies . . . to each senator and representative in congress from this commonwealth" is subsidiary and incidental to the main purpose of the proposed law; it relates to a matter which standing alone possesses no legal force; it cannot convert into a law something in itself ineffectual.

The certificate of the Attorney General concerns merely matters of form. *Anderson* v. *Secretary of the Commonwealth*, 255 Mass. 366. Whatever fails to possess elements indispensable for enactment or for submission to the people cannot be made into a "law" by such certificate. *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91.

We therefore are of opinion that the matter to which reference is made in the question is neither a "law" nor a "measure" within the meaning of the provisions as to The Initiative in art. 48 of the Amendments to the Constitution. We answer the question in the negative.

ARTHUR P. RUGG.
HENRY K. BRALEY.
JOHN C. CROSBY.
EDWARD P. PIERCE.
JAMES B. CARROLL.
WILLIAM CUSHING WAIT.
GEORGE A. SANDERSON.