THE STATE, EX REL. CLEVELAND CITY COUNCIL ET AL., *v.*
CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL.

[Cite as State, ex rel. City Council, v.
Board (1974), 40 Ohio App. 2d 299.]

(No. 33555—Decided June 6, 1974.)

*Mr. James R. Willis*, for relators.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. John L. Dowling*, for respondents.

*Mr. William J. Brown*, attorney general, and *Mr. Herbert R. Whiting*, director of law, for city of Cleveland.

KRENZLER, P. J. In this case the relators are George Forbes, President of Cleveland City Council, and Cleveland City Council, and the respondents are the Cuyahoga County Board of Elections and Ted W. Brown, Secretary of State.

On March 4, 1974, Cleveland City Council adopted purported Ordinance 443-74, which was entitled "An emergency ordinance to facilitate the exercise of a constitutional right to petition." Cleveland City Council by this ordinance desired to have submitted to the voters of the City of Cleveland at the May 7, 1974 primary the question as to whether or not there should be city-wide laws requiring the registration of firearms.

This purported ordinance was not forwarded to the Mayor for signature or veto but transmitted to the Board of Elections on March 7, 1974, which decided to place the issue on the ballot by a three-to-one vote.

On March 15, 1974 Ted W. Brown, the Secretary of State, issued a directive to the Cuyahoga County Board of Elections not to hold an election on the question authorized by Ordinance 443-74 because such election could not legally be held. He stated that in order for a municipality to hold an election, it must be authorized by provisions of the Ohio Revised Code or of the City Charter, and that no such provision authorizes the election in question, and therefore, such election cannot legally be held.

Relators then filed this complaint for writ of mandamus in which they allege in substance that under Article XVIII, Sections 3 and 7 of the Ohio Constitution, the City of Cleveland has authority to exercise all powers of local

self-government that are not in conflict with general law. They further contend that they have complied with all of the provisions of the Ohio Constitution and the City Charter in enacting Ordinance 443-74 and that this Ordinance was approved and certified by the Board of Elections of Cuyahoga County to the Secretary of State, State of Ohio. They allege that since the Board of Elections voted three to one in favor of placing the question on the ballot, the Secretary of State's order of March 15, 1974 barring the Board of Elections from placing the question on the ballot was improper and illegal.

Relators pray that the court order Secretary of State Ted W. Brown to withdraw his objection to the Board of Elections, and that the Board of Elections be required to place the issue on the ballot at the May 7, 1974 primary.

A motion to intervene by the City of Cleveland was filed by the Director of Law in which it is alleged that the City of Cleveland has a substantial interest in the transaction and that there would be an expenditure of money for an illegal election which is not authorized by the Charter of the City of Cleveland. This motion to intervene was granted and the City of Cleveland was made a party to the action.

The City of Cleveland then filed a motion to dismiss with three reasons: (1) Cleveland City Council is not a legal entity and thus has no standing to institute an action on behalf of the City of Cleveland, and that only the Director of Law is so empowered by the Charter of the City of Cleveland; (2) Cleveland City Council is not empowered by either state law or the City Charter to submit a proposed ordinance to the city electorate; (3) Ordinance 443-74 was not validly enacted by the City Council in that presentation to the Mayor was not made as is required by the Charter of the City of Cleveland.

The Cuyahoga County Board of Elections joined in the motion to dismiss arguing that the Secretary of State's action was completely justified.

Thus, the issues in this case are as follows: (1) Are Cleveland City Council and Council President George Forbes proper parties to institute an action on behalf of the City of Cleveland; (2) Was Ordinance 443-74 a validly

enacted ordinance; (3) Is Cleveland City Council empowered by either state law or the City Charter to submit a proposed ordinance to the city electorate; (4) Assuming that this is a validly enacted ordinance and that City Council can submit a proposed ordinance to the electorate, was Ordinance 443-74 a proper ordinance for a vote of the electorate; (5) Was the Secretary of State correct in his directive that there is no authority in law for holding the subject election, and did he have authority to issue the directive.

## I.

*Council President, George Forbes, and Cleveland City Council do not have standing to bring the present complaint in mandamus on behalf of the City of Cleveland.*

Article XVIII, Sections 3 and 7 of the Ohio Constitution provide that municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary, and other similar regulations as are not in conflict with general laws and to adopt a Charter to exercise powers of local self government. The City of Cleveland adopted its Charter pursuant to the forgoing constitutional provisions.

The Charter of the City of Cleveland provides that the Director of Law shall prosecute or defend all suits for and on behalf of the City. Further, when required to do so by resolution of the City Council, the Director of Law shall prosecute and defend for and in behalf of the City all complaints, suits and controversies in which the City is a party.[1]

Because of this requirement, an individual wishing to bring a taxpayer's action on behalf of the City must first make a written request to the Director of Law. If the Director of Law takes no action an individual may then bring the action in his own name in behalf of the City.[2] No such suit or proceeding shall be entertained by any Court until such request to the Director of Law shall first have been made.[3]

In this case the petition for mandamus was not brought

---

[1] Cleveland, Ohio, Charter Sections 83 and 85
[2] Cleveland, Ohio, Charter Section 90
[3] Cleveland, Ohio, Charter Section 90

by the Law Director as required in Sections 83 and 85 of the Charter, nor was written demand made by relators that the law Director institute the action pursuant to Section 90 of the Charter.

Inasmuch as these mandatory procedural requirements provided for in the Charter were not taken, the relators have no standing and the motion to dismiss is well taken and is hereby granted, and this cause is dismissed.

The other four issues in this case normally would become moot because of the foregoing dismissal but because these are matters of great public interest which may recur, we will decide the other issues. See *In re Popp* (1973), 35 Ohio St. 2d 142, 144.

## II.

*Purported Ordinance 443-74 was not validly enacted legislation.*

Relators contend that under the Home Rule provision of Article XVIII, Sections 3 and 7 of the Ohio Constitution, Cleveland City Council can take any action not specifically prohibited by general law or the Charter. This is not correct. Cleveland adopted a Charter which controls the actions city council may take. The Charter of the City of Cleveland prescribes mandatory procedures for enacting ordinances and submitting them to the Mayor for approval or veto. This procedure must be followed.

The legislative powers of the City of Cleveland except those reserved to the people by the Charter are vested in the Council.[4]

Ordinances and resolutions may be enacted by introduction in Council in written or printed form and may not be passed until they have been read three times unless dispensed with by a two-thirds vote by all of the members of Council.[5] After an ordinance or resolution is passed by Council it shall be signed by the President or other presiding officer and presented forthwith to the Mayor by the Clerk. If the Mayor approves the ordinance or resolution he shall sign it within ten days after its passage or adoption by Council. If he does not approve it, he shall return

---

[4]Cleveland, Ohio, Charter Section 24
[5]Cleveland, Ohio, Charter Section 33

it within ten days. If the Mayor does not sign the ordinance or veto it, it becomes effective within ten days. If he vetoes the ordinance council may overrule the veto with a two-thirds vote and it shall take effect without the signature of the Mayor.[6]

In the present case, Ordinance 443-74 was not a validly enacted ordinance because all of the foregoing procedural steps were not followed. The Ordinance was enacted on March 4, 1974, by a vote of 23 to 8 and submitted to the Board of Elections, which voted 3 to 1 to place the issue on the ballot, but it was never submitted to the Mayor for approval or veto.

It is noted that on March 7, 1974 the Law Director of the City of Cleveland requested, after Ordinance 443-74 was voted upon by Council, that it be submitted to the Mayor for consideration as to whether he wanted to approve or disapprove that legislation. Also, on that date the Mayor of the City of Cleveland sent a letter to the Council advising them that this Ordinance was not presented to him and that such Ordinance was illegal, and that he in effect was vetoing it by this letter.

Inasmuch as the mandatory procedural steps of Section 37 of the Charter were not followed regarding the passage of an ordinance and submitted to the Mayor for approval or veto, the letters from the Law Director and Mayor to Council are of no legal significance, and, consequently, purported Ordinance 443-74 is not a valid legislative enactment.

### III.

*Cleveland City Council has authority to enact legislation but does not have authority to pass an ordinance which will then be submitted to the voters for approval or disapproval.* Voters of the City have the power to repeal or defeat legislation before it takes effect by use of the referendum procedure and voters may also use initiative petitions to propose ordinances to Cleveland City Council and if Council does not enact the proposed ordinance

---

[6]Cleveland, Ohio, Charter Section 37

it will then be placed on the ballot for a vote of the electorate.[7]

The next question to be considered is whether Cleveland City Council is empowered to submit a proposed ordinance to the City electorate, or whether the electorate must first circulate initiative petitions before such issue is placed on the ballot.

Any proposed ordinance may be submitted to the Council by petitions signed by at least five thousand qualified voters of the City.[8] In other words, ordinances may be enacted if passed by a vote of the people after petitions initiating the ordinance are signed by at least five thousand qualified voters of the City and submitted to Council. Council may enact the proposed ordinance or place it on the ballot for a vote of the electorate.[9] Neither the Charter of the City of Cleveland nor state law make provision for Council to submit a proposed ordinance to the city electorate.

It is noted, however, that *Charter* amendments may be submitted to the electorate in one of two ways: (1) by a two-thirds vote of the members of Council; or (2) upon a petition signed by 10 per cent of the electors setting forth any such proposed amendments.[10] But there is no provision in the Charter for the electorate to vote on ordinances passed by Council. The only provision for the electorate to vote upon an ordinance is by initiative petition.[11] This is contrasted to the referendum procedure which repeals or defeats validly enacted legislation.[12]

IV.

*Cleveland City Council cannot use costly election machinery to conduct public opinion polls to determine voter attitude on issues.*

Even if there were no procedural defects in the enact-

---

[7]Cleveland, Ohio, Charter Sections 24, 32, 33, 59, 60, and 49-57

[8]Cleveland, Ohio, Charter Section 49

[9]Cleveland, Ohio, Charter Section 55

[10]Cleveland, Ohio, Charter Section 200

[11]Cleveland, Ohio, Charter Sections 49 through 57

[12]Cleveland, Ohio, Charter Sections 59 through 61

ment of Ordinance 443-74, there could not be a vote on it because of its nature.

Municipal Ordinances must accomplish some substantive or procedural governmental purpose. This Ordinance is nothing more than an "advisory opinion" or local "Gallup Poll" and is of no legal consequence. It merely proposes to advise the City Council of voter attitudes on the broad general subject of gun registration. Legislators are elected by the voters to perform their duties as legislators and this function cannot be delegated by the legislators to the voters. If the electorate were to vote on all proposed ordinances, it would eliminate a need for legislative bodies. Further, costly election machinery cannot be used by legislative bodies to determine community attitudes and sentiments on public issues.

## V.

*The Secretary of State's authority in election matters is not limited to voting and breaking two-to-two ties of County Boards of Elections.*

The Secretary of State serves as the chief election officer of the State and shall advise members of County Boards of Elections as to the proper methods of conducting elections. He also has authority to compel observance by election officers of the requirements of election laws, and he shall perform such other duties as are required by law. (R. C. 3501.04; 3501.05(B) (L) and (O).)

The Secretary of State properly acted in his capacity as the chief election officer and by the authority granted to him under R. C. 3501.05 (B) (L) and (O). However, such authority to act and such actions taken by the Secretary of State are subject to judicial review.

The Secretary of State has broad powers and is not limited to voting only in matters where there is a two-to-two tie. Further, the Secretary of State was correct in his directive that there is no authority in law for holding the subject election.

Complaint for writ of mandamus dismissed.

*Writ denied.*

JACKSON and DAY, JJ., concur.