STATE OF NEBRASKA EX REL. CLAYTON BRANT ET AL., RELATORS, V. ALLEN J. BEERMANN, SECRETARY OF STATE OF THE STATE OF NEBRASKA, RESPONDENT.

350 N.W.2d 18

Filed June 15, 1984. No. 83-834.

Thomas J. Walsh of Walsh, Walentine, Miles, Fullenkamp & O'Toole, and Stephen E. Gehring of Cline, Williams, Wright, Johnson & Oldfather, for relators, and, on brief, Timothy F. Shaw.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for respondent.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

Relators, by leave of this court, filed an original action seeking a writ of mandamus requiring that the Secretary of State of the State of Nebraska file relators' initiative petition and that the subject of the initiative petition, as a proposed law, be placed on the ballot for the general election in November 1984.

Anticipating relators' filing their proposed initiative petition, and equipped with a copy of the proposed petition, the Secretary of State sought advice from the Attorney General of the State of Nebraska, that is, whether the Secretary of State was required to file the copy of the relators' petition sought to be circulated for signatures of registered voters.

In a written opinion dated June 3, 1983, the Attorney General advised the Secretary of State that the initiative process could not be used for the creation of a resolution or for conducting advisory votes on questions of public policy. In an additional written opinion on August 25, 1983, the Attorney General informed the Secretary of State that there existed "no statutory authority for utilizing the initiative process to obtain an advisory vote on [the] question" contained in relators' petition.

On August 31, 1983, relators presented to the Secretary of State a copy of the initiative petition pursuant to Neb. Rev. Stat. § 32-704 (Reissue 1978).

The copy and form of the proposed initiative petition are as follows:

INITIATIVE PETITION

THE OBJECT OF THIS INITIATIVE PETITION IS TO STATE THE POSITION OF THE PEOPLE OF NEBRASKA IN FAVOR OF A BILATERAL NUCLEAR WEAPONS FREEZE INCLUDING OPPOSITION TO DEPLOYMENT OF MX MISSILES IN NEBRASKA, FOLLOWED BY PROMPT NEGOTIATIONS TO REDUCE THE NUMBER OF NUCLEAR WEAPONS AND TO CAUSE THE TRANSMISSION OF THAT STATEMENT OF POSITION TO CERTAIN PERSONS AND GROUPS IN THE GOVERNMENTS OF THE UNITED STATES AND THE SOVIET UNION.

TO THE HONORABLE ALLAN [sic] J. BEERMANN, SECRETARY OF STATE FOR THE STATE OF NEBRASKA:

We, the undersigned legal voters of the State

of Nebraska and the County of _____,
being severally qualified to sign this petition, respectfully demand that the following proposed law shall be submitted to the voters of the State of Nebraska for their approval or rejection at the general election to be held on the 6th day of November, 1984:

### BILATERAL NUCLEAR WEAPONS FREEZE INCLUDING DEPLOYING OF MX MISSILES IN NEBRASKA

FOR AN ACT to provide for a statement of position of the people of the State of Nebraska in favor of a bilateral nuclear weapons freeze including opposition to deployment of MX missiles in Nebraska followed by prompt negotiations to reduce the number of nuclear weapons and to provide for the transmission of such statement of position to certain persons and groups in the Government of the United States and the Soviet Union.

Be it enacted by the people of the State of Nebraska.

Section 1. The people of the State of Nebraska hereby adopt the following statement of position as to a bilateral nuclear weapons freeze including deploying of MX missiles in Nebraska:

The People of the State of Nebraska, do hereby oppose deployment of the MX missile in Nebraska and urge that the governments of the United States and the Soviet Union agree to a bilateral halt to the testing, production and further deployment of all nuclear weapons, missiles and delivery systems in a manner that can be checked and verified by both countries; and further urge that this bilateral agreement be followed by prompt negotiations to reduce the present number of nuclear weapons possessed by both countries.

Section 2. The Governor of Nebraska shall, within ten (10) days of the operative date of this

Act, transmit a written communication to the President of the United States, the Secretary of Defense of the United States, the Secretary of State of the United States, all members of the United States Congress and to the Chairman of the Presidium of the Supreme Soviet declaring the passage of this Act and containing the Statement of Policy designated in Section 1 of this Act.

Section 3. Upon the completion of the transmission of the written communication designated in Section 2 of this Act, this Act shall be of no further force and effect.

On September 1, 1983, the Secretary of State found that relators' petition was without statutory authority and should not be filed because the measure contained in the proposed initiative petition was "advisory in nature." By his "order" issued on September 1, 1983, the Secretary of State refused to file a copy of relators' proposed initiative petition, although the Secretary of State did stamp "RECEIVED" on the copy of the petition for identification of that document.

The Secretary of State admits that relators' proposed initiative petition satisfies statutory prescriptions regarding the form of an initiative petition. See Neb. Rev. Stat. §§ 32-703 (Cum. Supp. 1982), 32-703.01, and 32-704 (Reissue 1978).

Neb. Const. art. III, § 1, provides in part:

The people reserve for themselves, however, the power to propose laws, and amendments to the constitution, and to enact or reject the same at the polls, independent of the Legislature, and also reserve power at their own option to approve or reject at the polls any act, item, section, or part of any act passed by the Legislature.

Further, Neb. Const. art. III, § 2, provides in part: "The first power reserved by the people is the initiative whereby laws may be enacted and constitu-

tional amendments adopted by the people independently of the Legislature.''

By the foregoing constitutional provisions the people of the State of Nebraska have reserved the power to propose and enact laws independent of the Legislature. Consequently, the Legislature and the electorate are concurrently equal in rank as sources of legislation. Provisions authorizing the initiative should be construed in such a manner that the legislative power reserved in the people is effectual. See, *Klosterman v. Marsh*, 180 Neb. 506, 143 N.W.2d 744 (1966); *State ex rel. Morris v. Marsh*, 183 Neb. 521, 162 N.W.2d 262 (1968); *Adams v. Bolin*, 74 Ariz. 269, 247 P.2d 617 (1952). Such right reserved in the people of Nebraska is so precious and jealously guarded that the Governor cannot veto measures initiated by the people. See Neb. Const. art III, § 4.

''The right of initiative is precious to the people and is one which the courts are zealous to preserve to the fullest tenable measure of spirit as well as letter.'' *McFadden v. Jordan*, 32 Cal. 2d 330, 332, 196 P.2d 787, 788 (1948). ''To preserve the full spirit of the initiative the submission of issues to the voters should not become bogged down by lengthy litigation in the courts . . . .'' *Perry v. Jordan*, 34 Cal. 2d 87, 91, 207 P.2d 47, 49 (1949).

Provisions concerning the initiative, the legislative power reserved to the people, should receive liberal construction to effectuate the policy proposed and adopted by the initiative as a part of the democratic process. See *State v. Davis*, 418 S.W.2d 163 (Mo. 1967); cf. *State ex rel. Boyer v. Grady*, 201 Neb. 360, 269 N.W.2d 73 (1978) (powers of the initiative and referendum regarding municipalities are to be liberally construed to permit, rather than restrict, the power and to attain, rather than prevent, its object).

This case presents two questions: (1) Whether the Secretary of State was required to file the copy of relators' initiative petition as directed in § 32-704;

and (2) Whether the measure contained in the proposed initiative petition was a law within the meaning of Neb. Const. art. III, § 2, and § 32-703.

Concerning the relators' proposed initiative petition, the following principles are applicable:

(1)  Unless the subject of the proposed petition on its face is invalid or unconstitutional, the Secretary of State cannot pass upon the validity or construction of any proposed law, when the proposed petition is presented for filing pursuant to § 32-704.  An example of the Secretary of State's determining the validity of an initiative measure would be found in an initiative petition proposing a statutory abolition of a constitutional office.

(2)  The Secretary of State cannot pass upon the merit, wisdom, or policy of the law to be initiated.

(3)  The Secretary of State is required to perform promptly all the ministerial duties imposed by law, except the Secretary of State may determine whether the subject of the petition has the semblance of a law or whether the subject is legally appropriate for the initiative.  For example, the Secretary of State may exercise discretion and refuse to file a petition for something which would merely be an advisory vote on an issue or which would not have the characteristics of a law.  See *White et al. v. Welling, Secretary of State*, 89 Utah 335, 57 P.2d 703 (1936).

Generally, a measure seeking an advisory vote of the electorate or a nonbinding expression of public opinion on a question is not a proper subject for the initiative.  See, *City of Litchfield v. Hart*, 306 Ill. App. 621, 29 N.E.2d 678 (1940); *Kimble v. Swackhamer*, 94 Nev. 600, 584 P.2d 161 (1978); *State ex rel. Cleveland City Council v. Bd. of Elections*, 40 Ohio App. 2d 299, 318 N.E.2d 889 (1974); *Paisner v. Attorney General*, 390 Mass. 593, 458 N.E.2d 734 (1983).

The Supreme Judicial Court of Massachusetts considered a similar question in *Opinion of the Justices*

*to the House of Representatives*, 262 Mass. 603, 160 N.E. 439 (1928). The Massachusetts House of Representatives had inquired of the justices whether a "proposed law" introduced by an initiative petition, providing for a vote to determine the will of the people with reference to a repeal of the eighteenth amendment, was a law within the meaning of the initiative provisions of the Constitution. In holding that it was not a law, the opinion stated at 605-06, 160 N.E. at 440:

Without undertaking to frame a definition of "law" as used in this Amendment sufficiently accurate and comprehensive to meet all the conditions of the future, reference may be made to two definitions given in other jurisdictions in discussing the force and effect of statutes. In *American Banana Co. v. United Fruit Co.* 213 U. S. 347, 356 [29 S. Ct. 511, 53 L. Ed. 826 (1909)], it was said by Mr. Justice Holmes: "Law is a statement of the circumstances in which the public force will be brought to bear upon men through the courts." In *Opinion of the Justices*, 66 N. H. 629, 632 [33 A. 1076, 1078 (1891)], occurs this: "Law 'is a rule: not a transient sudden order from a superior to or concerning a particular person; but something permanent, uniform, and universal . . . .' " *The word "law" imports a general rule of conduct with appropriate means for its enforcement declared by some authority possessing sovereign power over the subject; it implies command and not entreaty; it is something different in kind from an ineffectual expression of opinion possessing no sanction to compel observance of the views announced.* The text of the proposed law accompanying this initiative petition does not prescribe a general rule of conduct. It merely invites a declaration of opinion by voters on a subject over which the people of the Commonwealth possess no part of the sovereign power. Amend-

ment of the Constitution of the United States and repeal of Amendments thereof constitute Federal functions derived in every particular entirely from the Constitution of the United States. That instrument transcends all provisions sought to be enacted by the people or by the legislative authority of any State. The voters of the several States are excluded by the terms of art. 5 of the Constitution of the United States from participation in the process of its amendment. By that article all power over the subject is vested exclusively in the Legislatures of the several States. *Hawke v. Smith*, 253 U. S. 221, 227 [40 S. Ct. 495, 64 L. Ed. 871 (1920)]. *Leser v. Garnett*, 258 U. S. 130, 137 [42 S. Ct. 217, 66 L. Ed. 505 (1922)]. *The result of the vote as proposed in this initiative petition would be lacking in any effective force. The proposed law is wanting in features essential to constitute its provisions a law within any permissible conception of the meaning of that word.* Superficial appearances cannot clothe with the attributes of law something in substance vain and inoperative. *The mandate to the Secretary of the Commonwealth in § 2 to tabulate the returns of the votes and to "transmit copies . . . to each senator and representative in congress from this commonwealth" is subsidiary and incidental to the main purpose of the proposed law; it relates to a matter which standing alone possesses no legal force; it cannot convert into a law something in itself ineffectual.*

(Emphasis supplied.)

Government should be spared the burdensome cost of election machinery as a straw vote on the electorate's opinions, sentiments, or attitudes on public issues. This includes lawmaking through the Legislature or the initiative.

We hold that the initiative petition proposed by the relators is nothing more than a nonbinding expres-

sion of public opinion and not a proper subject for the initiative in Nebraska.

WRIT OF MANDAMUS DENIED.

SHANAHAN, J., dissenting.

The majority concludes that the measure in relators' petition is not a law.

A law is a rule of civil conduct (see *Leymel v. Johnson*, 105 Cal. App. 694, 288 P. 858 (1930)), a rule of action prescribed by authority (see *Insurance Co. v. Industrial Com.*, 71 Colo. 495, 208 P. 465 (1922)), and a rule of civil conduct prescribed by the lawmaking power in a state (see *Public Service Commission v. N. Y. Central R. R. Co.*, 193 A.D. 615, 185 N.Y.S. 267 (1920)). Regarding the issues before the court in this case, a law is a rule of conduct prescribed by the lawmaking power of a sovereign. Although relators' proposed initiative petition does reflect approval of a bilateral nuclear freeze and disapproval of locating MX missiles in Nebraska, the subject of the petition includes more than expressions of public opinion about nuclear weapons. Within 10 days of the operative date of the proposed law, the Governor of Nebraska must take action, that is, send a written communication to certain officials of the U.S. Government and to the Chairman of the Presidium of the Supreme Soviet. The communication from Nebraska's Governor shall contain the "Statement of Policy" set forth in § 1 of relators' proposed measure. If relators' initiative petition receives a favorable vote, then Nebraska's Governor is required to take definite action—the obligatory written communication transmitted to the designated governmental officials. The duty imposed and the specific action dictated as consequences of the proposed initiative petition, if approved, provide the subject of the petition with the attributes of a law and distinguish the relators' initiative petition from mere expressions of nonbinding public opinion.

The initiative is an integral and vital part of Nebraska's democratic process. Courts should not

weigh the wisdom or social propriety of a measure sought in an initiative petition, for such matters are public policy and politics—arenas or thickets in which courts should be conspicuously absent.

The writ of mandamus should have been granted. WHITE and GRANT, JJ., join in this dissent.